UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>        Plaintiff,<br>        v.<br>GREGORY MAYS,<br>        Defendant. | Case No. 90-cr-00293-TEH-2<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE** |

This matter came before the Court on August 17, 2015, for a hearing on Defendant Gregory Mays' ("Mays'") motion for early termination of his supervised release. (Docket No. 507). At the hearing, the Court orally granted Mays' motion. (Docket No. 510). This written order now follows, setting forth the Court's reasoning.

"The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) . . . (1) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e). The relevant 3553(a) factors include the nature of the offense, the characteristics of the defendant, the need for deterrence and for public safety, any pertinent policy statement, and the need to reduce disparities in sentencing. *See id.* § 3553(a).

In March of 1991, a jury convicted Mays of five counts related to a cocaine distribution conspiracy. Ex. A to Mot. at 1. Evidence at trial established Mays' plan to purchase five kilograms of cocaine from an undercover agent. *Id.* Mays had previously been convicted of a felony offense for selling a $5 bag of marijuana to an undercover police officer. *Id.* at 1-2. Mays was sentenced on the cocaine conviction on June 10, 1991, to the mandatory minimum of 20 years imprisonment and 10 years of supervised release.

*Id.* at 1.  Mays was released from prison on January 7, 2007, after serving fifteen and a half years of his sentence.  *Id.* at 2.  He has been on supervised release since that time.  *Id.*

Mays has complied with all of the conditions of his supervised release, and has never violated the terms thereof.  *Id.*  He was placed on the "low intensity" caseload in 2009, and he does not receive any rehabilitation services from the Probation Office.  *Id.*  Mays now works full time at the Pacific Union Club, in San Francisco.  *Id.*  However, he has been turned down from other employment opportunities, including jobs as a chauffeur and at the Port of Oakland, due to the fact that he is on supervised release.  *Id.* at 3.  Mays also wishes to start his own tour business; however, he is hindered in doing so by being on supervised release, because he is currently required to obtain permission each time he wants to leave the Northern District of California.  *Id.* at 2-3.

Considering the applicable 3553(a) factors, the Court easily finds that Mays' conduct and the interests of justice warrant terminating his period of supervised release early.  Mays served a long sentence for his cocaine conviction, and has served more than eight years of his ten-year term of supervised release.  Granting his request for early termination will not meaningfully contribute to any disparities in sentencing.  He has clearly been rehabilitated and is no longer a risk to the public, as shown by his sterling record and successful work history while on supervised release.  Even though he is on the low intensity caseload, the burdens of his supervised release status are real, as they have prevented him from taking further employment opportunities.  And while Mays might have been able to arrange for increased flexibility with the Probation Office to permit additional travel, the Court agrees with Mays that his status would likely pose additional obstacles to him starting a tour business.

Mays has served more than enough time to pay for his crimes.  He has ably demonstrated his ability and eagerness to participate more fully in society.  In a sense, the relief granted by this order may seem minimal, as it comes just a year and a half before the scheduled end of Mays' term of supervised release – a relatively small fraction of his overall term of incarceration and supervised release.  But the Court will not minimize the

sense of dignity that release from supervision can produce as an individual strives to reenter society, years after leaving prison.  Mays has earned the early termination of his supervised release.

For the reasons set forth above, the Court GRANTS Mays' motion for early termination of his term of supervised release.

**IT IS SO ORDERED.**

Dated:   08/18/15                                    _____
                                                                        THELTON E. HENDERSON
                                                                        United States District Judge

3